THE ORANGE AND NEWARK HORSE RAILROAD COMPANY
v. JAMES WARD.

Where the evidence leaves the fact in uncertainty whether the plaintiff, by his own negligence, caused the injury of which he complains, or contributed to it in such a way that but for it the plaintiff would not have received harm from the defendant's negligence, it is the duty of

the judge to submit the evidence under proper instructions to the jury for their decision.

On error to the Supreme Court.

James Ward brought his action against the Orange and Newark Horse Car Railroad Company in the Supreme Court, to recover damages for injuries sustained by him by reason of being thrown from and out of his wagon by one of the cars of said company, while driving along Market street, near Alling street, in the city of Newark, and at a point where several tracks and switches are laid down.

The cause was tried at the December term, 1884, of the Essex County Circuit, and a verdict for $475 rendered for the plaintiff.

Application by the defendant in that cause for a new trial was denied by the justice presiding at that trial.

Judgment final was entered on said verdict on February 24th, 1885, and was removed to this court on writ of error.

For the plaintiff in error, *E. Q. Keasbey.*

For the defendant in error, *Charles Borcherling.*

KNAPP, J. This suit was brought by the defendant in error to recover compensation from the plaintiff in error, a horse railroad company, for injuries which the defendant received in a collision with a car of the company, which injury was charged to the culpable negligence of the plaintiff's servants in managing the car. On the trial, at the close of the case on the part of the plaintiff below, the defendant below asked that plaintiff be non-suited, on the ground that the testimony disclosed contributory negligence on the part of the plaintiff in the management of the vehicle, which he was driving. The court denied the motion; and upon the refusal to non-suit, error is assigned. It is also alleged for error that there was misdirection in the judge's charge.

The second ground was not relied on in the argument, and it is sufficient to say as to that, that the law was correctly stated to the jury by the judge.

The only question, then, for our consideration is, whether the judge, on the evidence as it stood when the plaintiff rested his case, should have granted the non-suit for contributory negligence of the plaintiff, established by his own proofs.

It is unquestionably the law that if it appear by plaintiff's evidence that his own negligence caused the injury of which he complains, or contributed to it in such way that but for it the plaintiff would not have received harm from the defendant's negligence, the court should non-suit, and error may be assigned upon its refusal. *New Jersey Express Company* v. *Nichols*, 4 *Vroom* 434; *Moore* v. *Central R. R. Co.*, 4 *Zab.* 824; *Telfer* v. *N. R. R. Co.*, 1 *Vroom* 188; *Drake* v. *Mount*, 4 *Vroom* 441; *Van Horn* v. *C. R. R.*, 9 *Vroom* 133.

When the evidence leaves that fact in uncertainty, it is the duty of the judge to submit the evidence, under proper instructions, to the jury for their decision.

I think the case of the plaintiff, on the point of contribution, presented such a state of uncertainty as rendered it necessary for the judge to submit the question as one of fact to be determined by the jury. This he did, with clear and precise instructions on the law.

The plaintiff gave evidence to prove that at the time when he received his injury he was driving in his wagon along one of the streets in Newark, and was just before, and at the time of the collision, using one of the tracks of the company's horse railroad. He was traveling at an ordinary gait. No car was in front of him on the track along which he was passing; but as he neared a spur of this road, leading to one of the car stations of the company, a car which had been standing there came out suddenly from the station on the main track and faced him. The point was whether in this situation the best mode of avoiding collision was to attempt to turn off the track or to urge his horse on and thereby pass the car before it barred his way. Both vehicles were in motion towards each

Orange and Newark Horse R. R. Co. v. Ward.

other when the plaintiff saw the car. The plaintiff decided to urge on his horse as the safer means of escape, and failed; a foot more gained in distance would have saved him.

The contributory negligence charged is that he drove on instead of turning from the track.

Now, whether the safer and more prudent course for the plaintiff to pursue to avoid collision was to attempt getting off the track, or to quicken his speed and pass before the car reached him, were questions of fact to be settled upon the evidence and by the jury. I think it quite obvious that the judge could not have determined, legally, that one course or the other was demanded of the plaintiff in the exercise of proper care; or that driving on under existing exigencies was legal negligence.

The plaintiff was rightfully upon the track using it in the manner that he did, as a part of the public street. *Coach Company* v. *C. H. R. R. Co.*, 6 *Stew. Eq.* 267.

Before he was obliged to leave it in submission to the superior right of use vested in the company, he was entitled to some notice or timely signal that the company then required the track, for passing its car. The notification came in the presence of the car itself coming suddenly upon him from a side track, the view of which was somewhat obstructed at the time. That notice coming so late put him in a dangerous and perplexing position. Whether, then, he acted with reasonable judgment or negligently, was properly and necessarily submitted to the jury.

It is alleged for error that the verdict was against the charge of the court, and against the weight of evidence. These matters belong to the trial court, and cannot be considered here in a review of this record.

There is no error in the judgment, and it should be affirmed.

PATERSON, J., (dissenting.) I cannot agree with the conclusions reached in this case. My reason is that the facts and circumstances appear to disclose such fault on the part of the

defendant in error as preclude his recovering damages for the injury sustained. He should show a clean record, and this, in my opinion, he has failed to do, and that most decidedly. He was an expert driver on the street and among horse-cars, by his own showing, and familiar with the location of the tracks and siding where the accident occurred. He was going on a downward grade, and saw the car start. This was full notice to him, as much as the record of a deed is of the existence of that instrument. Other special notice was not required. The car came out on an upward grade, and over or round a curve—elements of retarded motion; the wagon was on a downward grade and on a straight track—elements of speed. It is idle to attempt to show that the car was going as fast or faster than the wagon. To make out a case, this had to be shown. It was necessary, also, to change the place where Ward first said he was when he saw the car. Just here was the turning point. If Ward had been where he located the spot originally, a non-suit must have followed. If his wagon was where the witness Billings placed it, then that light vehicle traveled on a downward grade and a straight, smooth iron track with the rate of speed accelerated by the momentum carried from Lawrence street, more slowly than a heavy, lumbering car, proceeding on an upward grade, around a curved track, with a momentum to acquire, and under increased friction. This is against all ordinary probability. It is impossible simply that the car could have started from the usual place on the side track and acquired as much velocity as the light wagon running down hill at the rate of five or six miles an hour. Ward knew that the car was entitled to the right of way, and his familiarity and experience in driving among cars and on their tracks required him to be on his guard. An expert cannot plead the ignorance that would excuse a novice in the art. I am satisfied that neglect and want of proper care on the part of the defendant in error were the main causes of the accident, and for that reason shall vote to reverse.

*For affirmance*—DIXON, KNAPP, MAGIE, REED, VAN SYCKEL, BROWN, CLEMENT, COLE, MCGREGOR. 9.

*For reversal*—PATERSON. 1.